IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Jonathan Bernard Sapp, | ) | C/A NO. 5:04-22103-CMC |
| | ) | CR. NO. 5:02-419 |
| Petitioner, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

  Petitioner has filed a motion for Relief From Judgment or Order pursuant to Fed. R. Civ. P. 60(b). Petitioner seeks relief from his late notice of this court's order granting summary judgment to Respondent. Petitioner hopes that this court will re-enter judgment so that his time to file an appeal to the Fourth Circuit Court of Appeals will begin anew. Respondent replied to the motion on January 23, 2006.

  Federal Rule of Appellate Procedure 4(a)(6) establishes an outer limit of 180 days for a party who fails to receive timely notice of entry of a judgment to seek additional time to appeal. *See Zimmer St. Louis, Inc. v. Zimmer Co.*, 32 F.3d 357 (8th Cir. 1994); *Marcangelo v. Boardwalk Realty*, 47 F.3d 88 (3d Cir. 1995).

  The Tenth Circuit Court of Appeals faced a circumstance much like the instant matter in *Clark v. Lavallie*, 204 F.3d 1038 (10th Cir. 2000). In *Clark*, a *pro se* federal inmate filed a case in the District of Colorado. Subsequent to the case's filing, the inmate was transferred several times within the Bureau of Prisons. The case was dismissed on June 5, 1998; however, Clark did not receive notice of the dismissal until January 18, 1999. Clark then filed a Rule 60(b) motion in the district court on February 1, 1999. The Tenth Circuit ruled that

> [t]he answer to this conundrum lies withing the mandatory language of Rule 4(a)(6) which gives a district court discretion to reopen the time to file an appeal only upon specific conditions. Moreover, nothing within Rule 4(a)(6) indicates it is permissive or that its limitations may be waived for equitable reasons. The 180-day limitation which governs this case is specific and unequivocal.

*Clark*, 204 F.3d at 1040.

As noted by Respondent, if Petitioner had filed a motion under Fed. R. App. P. 4(a)(6) with this court upon his return to his place of incarceration, he would have been within the 180-day time limit. This court cannot circumvent this appellate rule, which is "mandatory and jurisdictional." *Browder v. Director, Dep't of Corr.*, 434 U.S. 257, 264 (1978) (internal quotation omitted). The filing of a Rule 60(b) motion does not change the applicable appeal period unless the 60(b) motion is filed within ten (10) days of the entry of the court's order. Fed. R. App. P. 4(a)(4)(A).

Petitioner's motion is, therefore, **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
February 3, 2006

C:\temp\notesB0AA3C\04-22103 Sapp v. USA e denying motion to recall jgm and reopen time for appeal.wpd